# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| LIBBY HEWES, )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>BENJAMIN PUSHARD, ET AL., )<br>)<br>DEFENDANTS ) | CIVIL NO. 1:21-CV-125-DBH |

## ORDER ON MOTIONS TO DISMISS AND FOR ENLARGEMENT OF TIME TO COMPLETE SERVICE

This is a lawsuit brought by a woman who says that an adult male had illegal sexual relations with her over a prolonged period while she was an underage schoolgirl. She has sued him, as well as people and entities that she says should have, but did not, take steps to protect her.

***Defendant Officer John/Jane Doe's Motion to Dismiss (ECF No. 24), and Plaintiff's Motion to Extend and for Enlargement of Time to Complete Service (ECF No. 33)***

These two motions deal with an unidentified police officer who the plaintiff says came upon her and the abusing defendant parked in a car at the Conservation Club in Brewer, Maine, and failed to intervene. The defendant John/Jane Doe's motion to dismiss is **GRANTED** and the plaintiff's motion to enlarge time is **DENIED**. The John/Jane Doe officer has not been properly served.[1] He/she has not yet even been identified. If the plaintiff succeeds in

---

[1] The John/Jane Doe summons was served on a sergeant of the Brewer Police Department who was authorized to accept service on behalf of the Department. (ECF No. 22).

determining his/her identity in discovery, the plaintiff can then seek to add him/her as a defendant at that time.

***Defendants Phil Pushard, Jackie Pushard, and Matthew Pushard's
Motion to Dismiss (ECF No. 30)***

These defendants are the father, mother, and brother of the adult abuser. Although an adult, he was living at his parents' house and some of the sexual activity occurred there.[2] The plaintiff names the parents and brother in Counts V (Negligence-General), XII (Negligent Infliction of Emotional Distress), XIII (Intentional Infliction of Emotional Distress), XIV (Violation of Maine Constitution, Article I, Section 1), XV (Violation of Maine Constitution, Article I, Section 6-A), XVI (Interference with Maine Civil Rights), and XVII (Invasion of Privacy). She says they knew of, or should have known of, the sexual relationship yet failed to stop it.

***Negligence Counts (V and XII)***

With respect to the two negligence counts (V and XII), the plaintiff has not established a duty of care owed by these defendants on the facts she alleges. The existence of a duty and its scope are questions of law for the court. Gniadek v. Camp Sunshine at Sebago Lake, Inc., 2011 ME 11, ¶ 17, 11 A.3d 308. Maine's Law Court has not recognized a parental or sibling duty to control an adult relative.

What Maine's Law Court says is this:

> There does not exist a general obligation to protect others from harm not created by the actor. "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon

---

[2] There is no assertion that any of the relatives were present in the home at the time of the sexual activity.

2

> him a duty to take such action." RESTATEMENT (SECOND) OF TORTS § 314 (1965). In other words, the mere fact that one individual knows that a third party is or could be dangerous to others does not make that individual responsible for controlling the third party or protecting others from the danger.

Bryan R. v. Watchtower Bible & Tract Soc'y of N.Y., Inc., 1999 ME 144, ¶ 12, 738 A.2d 839. "There is simply 'no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless . . . a special relation exists between the actor and the other which gives to the other a right to protection.'" Id. ¶ 14 (citing Restatement (Second) of Torts § 315(b) (1965)).

To the extent the plaintiff is relying on reporting duties of the father and mother for her tort claims, those duties do not exist here. She alleges that the father is a "mandatory reporter as a retired law enforcement officer." Am. Compl. ¶ 161. She alleges that the mother is "a mandatory reporter due to the nature of her work as a medical professional." Id. ¶ 158.[3] Whatever these defendants' moral obligations were to the plaintiff, Maine's reporting statute for suspected abuse applies only to such people "when acting in a professional capacity." 22 M.R.S.A. § 4011-A. There are no allegations that either of them was doing so.

The Amended Complaint ¶ 216 says the defendants owed the plaintiff a fiduciary duty. If supported, that could provide the basis for a negligence claim. See, e.g., Fortin v. Roman Catholic Bishop of Portland, 2005 ME 57, 871 A.2d 1208; Dragomir v. Spring Harbor Hosp., 2009 ME 51, 970 A.2d 310. But there are no factual allegations to support the assertion of a fiduciary duty between

---

[3] In her Opposition to the motion to dismiss she also argues that the mother is a "homemaker" under the statute. (ECF No. 35). But the Amended Complaint lacks any allegation that the mother was acting in a professional capacity.

3

the plaintiff and the abuser's relatives. The "factual foundations of an alleged fiduciary relationship must be pled with specificity." Bryan R., 1999 ME 144, ¶ 21, 738 A.2d 839. That standard is not met.[4]

### *Intentional Infliction of Emotional Distress (XIII)*

On the Intentional Infliction of Emotional Distress Count, these defendants argue that "[t]here are no allegations that [they] had knowledge of the alleged abuse at the time it was occurring." Defs.' Mot. at 8.

With respect to the parents, the Amended Complaint says that the plaintiff "on information and belief, has firsthand knowledge that [the abuser's] parents knew, or should have known of the illegal relationship while it was ongoing." Am. Compl. ¶ 156. That is a puzzling assertion: the "information and belief" qualification is inconsistent with firsthand knowledge, and the firsthand knowledge is not provided.

The plaintiff argues that the brother had knowledge because when she, later as an adult, id. ¶ 139, talked to him as she was trying to reach the defendant abuser, the brother said "You said yes right?" Id. ¶ 142. That is not sufficient to show the brother knew of the illicit sexual relations as they were occurring.

In the absence of a plausible assertion of these defendants' knowledge at the time, the intentional infliction count cannot proceed.

---

[4] She also argues that these defendants are "innkeepers" with an innkeeper's duty toward her. The Amended Complaint makes no factual allegations to support that assertion.

*Maine Constitutional Claims (XIV and XV)*

Article I, Section 1, of the Maine Constitution provides:

> All people are born equally free and independent, and have certain natural, inherent and unalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and of pursuing and obtaining safety and happiness.

There is nothing in this language and there are no Law Court cases suggesting this provision gives the plaintiff a cause of action against her abuser's relatives.[5]

Article I, Section 6-A provides:

> No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of that person's civil rights or be discriminated against in the exercise thereof.

The Law Court has held that state action is required for a due process claim. See Onat v. Penobscot Bay Med. Ctr., 574 A.2d 872, 875-76 (Me. 1990); Staples v. Bangor Hydro-Elec. Co., 561 A.2d 499, 501 (Me. 1989).  There is no allegation that these relatives were state actors, and that is fatal.

*Maine Civil Rights Act, 5 M.R.S.A. § 4682 (XVI)*

The Law Court says that "[t]o prevail on the MCRA claims, [a plaintiff] must prove, among other thing, that [the defendant] used or threatened physical force or violence when he deprived her of a constitutional or statutory right."  Clifford v. MaineGeneral Med. Ctr., 2014 ME 60, ¶ 74 n.22, 91 A.3d 567.  There is no assertion that these defendants used or threatened physical force or violence.

---

[5] It is not for me as a federal judge to expand the clause's reach.  See Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88-89 (1st Cir. 2007).

### *Invasion of Privacy (XVII)*

On this Count, the Amended Complaint asserts that the relatives are "vicariously liable" to the plaintiff for her abuser's conduct. But there is no basis for vicarious liability here; they were not employers or supervisors. There is a parental duty with respect to *minor* offspring under some circumstances. See Merchant v. Mansir, 572 A.2d 493 (Me. 1990) (citing Restatement (Second) of Torts § 316 (1985)); 14 M.R.S.A. § 304. See generally Simmons, Zillman & Furbish, Maine Tort Law § 16.04. But the abuser here was an adult.

For these reasons, the defendants Phil Pushard, Jackie Pushard, and Matthew Pushard's motion to dismiss is **GRANTED**.

### *Defendants Patrick Healy and Healy Chiropractic, LLC's Motion to Dismiss (ECF No. 31)*

These defendants' motion to dismiss is **GRANTED** as to Counts XIV (Maine Constitution, Article I, Section 1) and XVI (Maine Civil Rights Act) for the same reasons I granted the defendant parent and brother Pushards' motion above. It is also **GRANTED** as to Counts VII, VIII, IX and X (invoking Title IX of the Education Amendments) because the plaintiff has conceded that these defendants are not funding recipients for Title IX purposes. Pl.'s Opp'n at 8 (ECF No. 34).

In all other respects it is **DENIED**. The remaining issues are better left to summary judgment when these defendants' roles can be fleshed out.

**SO ORDERED.**

**DATED THIS 30TH DAY OF AUGUST, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**