**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| LIBBY HEWES, | ) |
| | ) |
|      **Plaintiff** | ) |
| | ) |
| v. | )   No. 1:21-cv-00125-JDL |
| | ) |
| SAMANTHA PANGBURN et al., | ) |
| | ) |
|      **Defendants** | ) |

**ORDER ON MOTION IN LIMINE**

Libby Hewes has filed a motion in limine seeking to prohibit the Defendants "from offering, discovering, or commenting on" certain evidence on the basis that such evidence is irrelevant under Fed. R. Civ. P. 26 and inadmissible under Fed. R. Evid. 412. ECF No. 82; *see* ECF No. 83. I **DENY** the motion for two reasons.

First, it would be premature with discovery still ongoing to rule on the admissibility of evidence at trial. *See, e.g.*, *Pack ex rel. Pack v. Zangkas*, No. 06-11677, 2007 WL 9770263, at *1 (E.D. Mich. Apr. 19, 2007) ("Because discovery is still ongoing in this case, a motion in limine at this juncture would generally be considered premature."); *Singletary ex rel. N.M.M. v. Cumberland Cty. Schs.*, No. 5:12-CV-744-FL, 2014 WL 4101226, at *1 (E.D.N.C. Aug. 18, 2014) (denying as premature a plaintiff's motion in limine filed when the case was still "in the discovery phase").

Second, Hewes did not obtain permission before filing what is essentially a motion for a protective order under Fed. R. Civ. P. 26(c). *See* Local Rule 26(b) ("No

1

written discovery motions shall be filed without the prior approval of a judicial officer."). The parties should meet and confer to see if the discovery-related issues raised in Hewes's motion can be resolved by agreement; if no agreement can be reached, Hewes may file a request for a discovery hearing. *See id.* ("A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall file a Request for Hearing Re Discovery Dispute using the Court's form . . . ."). Any such request for a hearing should provide more detail about the specific discovery requests or events in dispute as the Court is unlikely to entertain a request for a broad protective order without better understanding what the Defendants seek and what Hewes has already provided.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: October 28, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge