UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LIBBY HEWES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|         v. | )   1:21-cv-00125-JDL |
| | ) |
| SAMANTHA PANGBURN, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Towards the end of discovery, Plaintiff Libby Hewes moved to amend her Complaint to assert claims against Officer Ryan Freeman and the Brewer Police Department (ECF No. 122). For the following reasons, Hewes's Motion to Amend is denied.

## I. BACKGROUND

In her Complaint filed in May 2021, Hewes alleges that she was sexually assaulted by Benjamin Pushard while she was a minor student in the Brewer School Department and that multiple school administrators and employees knew or should have known of the abuse and failed to protect her (ECF No. 1). In addition to Pushard, the Complaint names several Defendants, including, among others, Samantha Pangburn, the Brewer School Department, Patrick Healy, and Healy Chiropractic, LLC. Hewes later amended her Complaint in June 2021 to include additional facts and claims for relief (ECF No. 4).

1

One of the Defendants named in the Amended Complaint was "Officer John/Jane Doe," an employee of the Brewer Police Department. ECF No. 4 at 2, 5. The Amended Complaint alleges that just after Defendant Pushard had sexually assaulted Hewes in a remote area at night, Officer Doe—whose identity was unknown to Hewes—happened to encounter Hewes and Pushard. According to the Amended Complaint, Officer Doe questioned Pushard, an adult man, as to why he was with Hewes, a minor, and Pushard responded that Hewes's parents "knew her whereabouts" and that Hewes and Pushard were "just leaving." ECF No. 4 at 29, ¶ 170. The Amended Complaint alleges that Officer Doe then left without taking any substantial investigatory actions and that, upon information and belief, Pushard's father was well-known to the Brewer Police Department because he was a retired Maine State Trooper. The Amended Complaint contends that Officer Doe's actions were unlawful and violated Hewes's rights under 42 U.S.C.A. § 1983 (West 2022) as well as state tort law.

Officer Doe, through counsel, moved to dismiss the claims against him or her, arguing that the Court lacked personal jurisdiction because he or she had never properly been served (ECF No. 24). The Court (Judge D. Brock Hornby) granted Officer Doe's Motion to Dismiss, noting that Officer Doe had "not been properly served" and had "not yet even been identified." ECF No. 49 at 1. The Court further noted that "[i]f the plaintiff succeeds in determining [Officer Doe's] identity in discovery, the plaintiff can then seek to add him/her as a defendant at that time." ECF No. 49 at 1-2.

After the Court ruled on the parties' motions to dismiss, Magistrate Judge Karen Frink Wolf issued a Scheduling Order that set a deadline of June 21, 2022, for amendments of pleadings and joinder of parties (ECF No. 65). This deadline was later extended to, at the latest, October 5, 2022.[1]

This case has since proceeded through discovery, and multiple parties have filed Notices of Intent to File Summary Judgment Motions (ECF Nos. 111, 112, 113). Per the current Scheduling Order, dispositive motions are due by July 5, 2023, and the case has a trial-ready date of September 5, 2023 (ECF No. 115).[2]

On April 6, 2023, Hewes filed a Motion to Amend the Complaint (ECF No. 122), alleging that she had recently received information identifying Officer Doe as Officer Ryan Freeman of the Brewer Police Department. Hewes also contends that both Officer Freeman and the Brewer Police Department "knew" Defendant Pushard and his family and that they were "aiding and abetting Defendant Benjamin Pushard" "by withholding information from the Plaintiff and the Court." ECF No. 122 at 1. Hewes thus moves to amend her Complaint to add Officer Freeman and the Brewer

---

[1] Hewes objected to the initial Scheduling Order, and the Magistrate Judge extended the deadline for amending the pleadings and joining parties to August 5, 2022 (ECF Nos. 66, 67). Hewes later moved to amend the Scheduling Order and requested, among other things, that the deadline for amending the pleadings and joining parties be extended until October 5, 2022 (ECF No. 70). The Magistrate Judge granted most of the relief requested by Hewes, but the Magistrate Judge's Order did not specifically grant or deny the request to extend the deadline to October 5, 2022 (ECF No. 73). Afterwards, the parties, including Hewes, repeatedly moved to amend the Scheduling Order, but none of the subsequent motions sought to enlarge the deadline to amend the pleadings or join parties (ECF Nos. 76, 99, 102).

[2] Two of the Defendants, Patrick Healy and Healy Chiropractic, have filed a motion requesting that the Court hold a summary judgment pre-filing conference because they wish to proceed with summary judgment immediately rather than waiting for the other parties (ECF No. 121). In an Order issued contemporaneously with this Order, I deny the request.

Police Department as Defendants and for "that portion of her Complaint to be revived." ECF No. 122 at 2.

Two of the Defendants, the Brewer School Department and Samantha Pangburn, filed a Response in Opposition (ECF No. 124) arguing that permitting Hewes to amend her Complaint at this point in the case would be prejudicial because it would delay and complicate summary judgment proceedings. They also argue that the claims against Officer Freeman and the Brewer Police Department are no more than tangentially related to the claims made against them and should be brought in a separate action.[3]

## II. ANALYSIS

When a party seeks leave to amend a pleading more than twenty-one days after it is served and the opposing parties have not consented, the pleading may only be amended by leave of the Court. *Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (citing Fed. R. Civ. P. 15(a)). Generally, this leave should be "freely given if, in the court's view, 'justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). A more demanding standard is applied, however, when the Court issues a scheduling order that sets a deadline for the amendment of pleadings and the request to amend comes after that deadline has expired. *See id.* In these circumstances, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (citing *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154-55 (1st Cir. 2004)). Without this

---

[3] Hewes argues that these Defendants do not have standing to oppose the Motion to Amend. I find this argument unpersuasive and do not discuss it further.

elevated standard, "scheduling orders would be little more than aspirational statements, to be disregarded by the parties whenever compliance proves inconvenient." *Miceli*, 914 F.3d at 86 (quoting *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 194 (1st Cir. 2015)).

"The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant," though the conduct of the moving party is the dominant consideration. *Id.* "[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* (alteration in original) (quoting *Steir*, 383 F.3d at 12). When the timing of a motion to amend is prejudicial, such as when it would "'require[] a re-opening of discovery with additional costs'" or when it would result in "'a significant postponement of the trial,'" the motion is "[p]articularly disfavored." *Steir*, 383 F.3d at 12 (quoting *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998)).

Under the unique circumstances of this case, I conclude that even though there is no indication that Hewes engaged in dilatory conduct, allowing Hewes to amend her Complaint at this juncture would unjustifiably delay this matter and unduly prejudice the Defendants. The deadline set by the Scheduling Order to amend the pleadings has long since expired, and the parties are on the precipice of summary judgment motions and briefing. Permitting Hewes to amend her Complaint now to allege claims against Officer Freeman and the Brewer Police Department would invariably delay the completion of this case by requiring the reopening of discovery

and, possibly, permitting a round of preliminary motions before the case would again be in a position to be considered under Fed. R. Civ. P. 56. The case has already been pending for over two years and the Court's deadlines have repeatedly been extended. In light of these circumstances, and knowing that Hewes may, if she chooses, seek to assert her claims against Officer Freeman and the Brewer Police Department in a separate action,[4] it would be unfairly prejudicial to the Defendants and contrary to the interests of justice to grant Hewes permission to amend her Complaint at this time.

The Court's previous Order does not compel a contrary conclusion. Judge Hornby's Order on Officer Doe's Motion to Dismiss concluded only that if Hewes determined Officer Doe's identity in discovery, she "can then seek" to amend the Complaint to include allegations against the identified officer. ECF No. 49 at 1-2. The Order did not, however, provide that such a request would necessarily be granted—only that Hewes could seek that relief. Now, two years later, the required good cause to allow Hewes to circumvent the Scheduling Order and amend her Complaint has not been shown.

---

[4] The claims that Hewes seeks to assert against Officer Freeman and the Brewer Police Department, which appear to primarily arise out of a single incident, seem to be factually and legally distinct from the claims against the vast majority of other Defendants, including Pangburn, the Brewer School Department, Healy, and Healy Chiropractic. However, this cannot be determined conclusively because Hewes did not file a proposed amended complaint along with her Motion to Amend, which is the better practice when seeking to amend a pleading. *See US Bank Tr. Nat'l Ass'n v. Tenpenny*, 2:22-cv-00034-JDL, 2023 WL 2388332, at *13 n.14 (D. Me. Mar. 7, 2023); *Bernard v. Town of Lebanon*, No. 2:16-cv-00042-JAW, 2017 WL 1232406, at *7 (D. Me. Apr. 3, 2017); *Levitt v. Sonardyne, Inc.*, No. 2:12-cv-00032-JAW, 2012 WL 5350037, at *2 (D. Me. Oct. 29, 2012).

## III.  CONCLUSION

For those reasons, Plaintiff Libby Hewes's Motion to Amend the Complaint (ECF No. 122) is **DENIED**.

**SO ORDERED.**

**Dated:  May 18, 2023**

                                                                                                                     /s/ JON D. LEVY
                                                **CHIEF U.S. DISTRICT JUDGE**