## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **LIBBY HEWES,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:21-cv-00125-JDL** |
| | ) | |
| **BENJAMIN PUSHARD et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### ORDER

In this civil case, Libby Hewes brings claims against Benjamin Pushard and others based on Pushard's sexual abuse of her when she was in her early teens. Pushard has pleaded guilty in a related state court criminal case but has not yet been sentenced.  The state court has entered orders finding that due process requires the attorneys in Pushard's criminal case be able to review, and possibly use, certain documents during sentencing that were produced during discovery in this case. *See* ECF Nos. 180-4 to 180-5.  Hewes vehemently objects to the use of the documents in state court because they pertain to her mental health treatment and were designated confidential pursuant to this Court's confidentiality order (ECF No. 94); she moves to enforce the confidentiality order to prohibit the documents from being used in the criminal proceedings.  *See* ECF No. 167.  Pushard, on the other hand, moves to modify the confidentiality order to permit them to be disseminated and used in accordance with the state court's orders.  *See* ECF No. 175.

After carefully considering the parties' arguments, I ***DENY*** Hewes's motion to

1

enforce and **GRANT** Pushard's motion to modify. I don't pretend to fully understand why the state court has ordered these sensitive documents be produced in the sentencing context, and I share Hewes's concerns about the precedent such an outcome might set for criminal defendants seeking to obtain their victims' mental health records. But I am not in a position to assess the validity of the state court's orders, and comity dictates that the confidentiality order (which, by its own terms, may be modified) must bend to those orders. *Cf. Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (noting that federal courts do not interfere with ongoing state criminal proceedings for reasons of comity, "that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways"). If Hewes believes that the state court erred, she must seek relief in state court.

Accordingly, the confidentiality order is **MODIFIED** to allow the dissemination and use of confidential documents in accordance with the state court's orders.

**SO ORDERED.**

## NOTICE

**In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.**

2

***Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.***

Dated: November 9, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge