UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LIBBY HEWES ) | |
| ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | DOCKET NO.: 1:21-cv-00125-DBH |
| ) | |
| BENJAMIN PUSHARD, et al, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S REPLY TO DEFENDANT PUSHARDS RESPONSE IN OPPOSITION TO PLAINTIFF HEWES' MOTION FOR LIMITED RE-OPENING OF SUMMARY JUDGMENT FILINGS AND MOTION TO CONTINUE SUMMARY JUDGMENT ORAL ARGUMENTS (ECF 188)**

   NOW COMES the Plaintiff Libby Hewes, by and through her attorneys WILLEY LAW OFFICES, and hereby submits her Reply to Defendant Pushard's Response in Opposition to Plaintiff Hewes' Motion for Limited Re-Opening of Summary Judgement Filings and Motion to Continue Summary Judgment Oral Arguments (ECF 188), as follows:

1. Plaintiff seeks to introduce evidence against others as a supplement to her MSJ Reply. Plaintiff also seeks to file an MSJ against Defendant Pushard under the Doctrine of Affirmative Estoppel, as noted below.

2. The Doctrine of Collateral Estoppel by Judgement has been recognized and applied in numerous opinions in Maine. *See Northland Industries, Inc v. Ken. Mills Corp*. 214 A.2d 100 (Me. 1965)*,* and cases cited therein. The Doctrine of Affirmative Estoppel mandates that the determination of any essential fact or issue actually litigated on the merits and resolved by Final Judgment is conclusive on that fact or issue in other litigation between the parties or their privies. *See Spickler v. York* 505 A.2d 87 (Me 1986), and cases cited herein.

3. Here, Defendant Pushard's conviction is not ambiguous as it relates to the civil case. However, even when a judgment is ambiguous, it must be enforced in accordance with the plain meaning of the language in the Judgment, and the Court may not, under the guise of a clarification order, make a material change that modifies the provisions of the judgment. *Burnell v. Burnell,* 2012 ME 94, 40 A.3d 390.

4. Courts permit use of offensive collateral estoppel if it serves the interests of justice, and they require that identical issue was determined by prior final Judgment and the party estopped had a fair opportunity and incentive to litigate the issues in the prior proceeding. *Van Houten v. Harco Const, Inc.,* 655 A.2d 331 (Me 1995); *Hossler v.*

    *Barry,* 403 A.2d 762 (Me. 1979)(offensive collateral estoppel); *Brewer v. Hagemann,* 2001 Me 27, 771 A.2d 1030 (defensive collateral estoppel).

5. Res judicata means that an issue has been decided by a Court of competent jurisdiction, and estoppel means preclusion by personal action or by Judgment, and res judicata rests on legal reasons while estoppel rests on equitable reasons. *Bowie v Landry,* 152 Me 88, 122 A.2d 774 (Me 1956).

6. Under Maine Law, a prior criminal conviction conclusively establishes all facts essential to the final Judgment of conviction, and the convicted party is precluded from litigating the issue essential to that conviction in subsequent legal actions. *Napier v. Town of Windham*, 187 F.3d 177 (1st Cir 1995); *Smith v. Jackson,* 463 F. Supp 2d. 72 (DC. Me. 2006); *Butler v. Mooers,* 2001 Me 56 A.2d 1034; *Beale v. Chisholm,* 626 A.2d 345 (Me. 1993).

7. The use of a criminal conviction for impeachment evidence is also permitted by Fed R. Evid. 609(a);

8. Fed. R. Evid. 410, permits the use of a guilty plea as evidence in another action, as here, when the guilty plea was a final judgment.

9. Fed. R. Evid. 412, prohibits evidence of the victims' other acts or predispositions.

10. Issue preclusion, also referred to as collateral estoppel, prevents the prelitigation of federal issues already decided if the identical issue was determined by a prior final judgment and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. Id. *TD Banknorth, N.A. v. Hawkins,* State of Maine, Cumberland County, Business and Consumer Court*, Docket No. BCD-CV-07-08* (12/11/2021), citing *Macomber v. MacQuinn-Tweedie,* 2003 Me. 121, ¶22, 834 A.2d 131, 138-139.

11. The Maine Superior Court recently entered summary judgment for the injured plaintiff where the criminal defendant had been convicted and sentenced to a final judgment. *See Bethany Henneberry, as personal representative of the Estate of Renee Henneberry v. Phillip Clark, et al.,* Penobscot Superior Court, *PENSC-CIV-2020-10* (6/8/2022).* The Court recited that since Phillip Clark had been convicted of murdering Renee Clark, was sentenced, and upheld by the Law Court, judgment against him for the Plaintiff was warranted. Id.

12. *See* generally, *Gray v. T.D. Bank, N.A*, 2012 ME 83, 45 A.3d 735, wherein collateral estoppel prohibits relitigation of the identical issues; Collateral estoppel applies even when the two proceedings offer different remedies. Gray, Supra. *See also Fortney and Weygandt Inc. v. The Lewiston DMEP IX, LLC*., 2022 Me. 5 (1/20/2022)(discussing equitable estoppel on claims already adjudicated).

13. See also 10 M.R.S.A. §1108, Final Judgment or Decree as prima facie evidence.

14. For all the foregoing, Plaintiff should be permitted to proceed with the MSJ against Defendant Pushard.

Dated at Bangor, Maine  
January 26, 2024

/s/ *Ezra A. R. Willey, Esq.*  
Ezra A. R. Willey, Esq.  
Bar No. 5025  
Attorney for Plaintiff  
WILLEY LAW OFFICES  
15 Columbia St., Ste. 501  
P. O. Box 924  
Bangor, ME 04402-0924

Dated at Bangor, Maine  
January 26, 2024

/s/ *N. Laurence Willey, Jr., Esq.*  
N. Laurence Willey, Jr., Esq.  
Bar No. 808  
Attorney for Plaintiff  
WILLEY LAW OFFICES  
15 Columbia St., Ste. 501  
P. O. Box 924  
Bangor, ME 04402-0924

## CERTIFICATE OF SERVICE

 I hereby certify and acknowledge that service of the above captioned Plaintiff's Reply to Defendant Pushard's Response in Opposition to Plaintiff Hewes' Motion for Limited Re-Opening of Summary Judgement Filings and Motion to Continue Summary Judgment Oral Arguments (ECF 188), has been served on all parties and attorneys of record via the ECF system, as of this date, January 25, 2024.

Dated at Bangor, Maine
January 26, 2024

    /s/ Ezra A. R. Willey, Esq.
    Ezra A. R. Willey, Esq.
    Bar No. 5025
    Attorney for Plaintiff
    WILLEY LAW OFFICES
    15 Columbia St., Ste. 501
    P. O. Box 924
    Bangor, ME 04402-0924